IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                         CASE NO. 4:13-CV-000409 BSM

$17,693.837.10 FROM JOHN HANCOCK
LIFE INSURANCE POLICY NO. XXX6473
('the HANCOCK POLICY");

$101,003.49 FROM BANK OF AMERICA
ACCOUNT NO. XXXXXXXX6772
('the BANK OF AMERICA ACCOUNT");

$6,797.46 FROM BANK OF AMERICA
ACCOUNT NO. XXXXXXXX6772
("the BANK OF AMERICA ACCOUNT");

$25,922.05 FROM ATTORNEY TRUST ACCOUNT
FROM SALE OF HOUSE AT 13 LOMBARDY
LITTLE ROCK, ARKANSAS;

$104.75 FROM ONEBANC
ACCOUNT NO. XXX1473
(the STUART ACCOUNT");

$25,079.97 FROM ONEBANC
ACCOUNT NO. XXX3487
("the RIVERCITY SPECIAL ACCOUNT");

$26.08 FROM ONEBANC
ACCOUNT NO.XXX9074
(the RIVERCITY TRUST 1 ACCOUNT");

$26.75 FROM ONEBANC
ACCOUNT NO.XXX9082



FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 25 2013

JAMES W. McCORMACK, CLERK
By:_____
                        DEP CLERK

(the RIVERCITY TRUST 2 ACCOUNT");

$26.09 FROM ONEBANC
ACCOUNT NO.XXX9091
(the RIVERCITY TRUST 3 ACCOUNT");

2008 GEM E4
(VIN 5ASAG47438f046961);

2008 CADILLAC ESCALADE
(VIN 1GYFK63838R144927);

2011 CADILLAC SRX PERFORMANCE
(VIN 3GYFNBEY9S624925);

2013 LEXUS RX350
(VIN 2T2ZK1BA2DC088070); and

2013 LAND ROVER RANGE ROVER
(VIN SALSK2D44CA753548)           DEFENDANTS IN REM

RICHARD A. TORTI, SR., EXECUTOR OF ESTATE
OF LAYTON STUART           CLAIMANT

VERIFIED CLAIM OF RICHARD A. TORTI SR.,
AS EXECUTOR OF THE ESTATE OF LAYTON STUART

Comes Richard A. Torti Sr., in his capacity as nominated Executor of the Estate of Layton Stuart, and states under oath as follows:

1. This claim is submitted under authority of Rule G of the SUPPLEMENTAL RULES FOR CERTAIN ADMIRALTY AND MARITIME CLAIMS AND ASSET FORFEITURE ACTIONS.

2. Richard A. Torti Sr. (hereinafter Claimant) is the nominated Executor of the

Estate of Layton Stuart. (Pulaski Probate 60PR-13-1179). The hearing to confirm his appointment as executor is scheduled for August 12, 2013, which is after the time for filing a verified claim if counting from the date of emailed notice to counsel.

3. Claimant brings this claim solely in his capacity as the nominated executor. Ark. Code Ann. § 28-40-106(a) provides that prior to the probate of the will and the granting of letters testamentary, a person nominated in the will to be executor "may take such steps as are reasonably necessary in the management and preservation of the property and rights of the decedent." Claimant brings this claim solely in his capacity as the nominated executor.[1]

4. Upon information and belief, Claimant asserts that the Estate of Layton Stuart may have an ownership interest in all of the properties seized and listed in the caption herein. However, Claimant will not be able to ascertain the estate's interest without further investigation. However, as the nominated executor he has a fiduciary duty to preserve the assets of the estate. Therefore he files this claim in order to preserve the estate's ability to recover the assets.

5. From the information currently available to him, Claimant states that the properties at issue are not connected to any criminal activity. Furthermore, under the

---

[1] Concurrently with this claim, Torti has filed a claim on behalf of the Stuart Family 1997 trusts, of which he is trustee.

Eighth Amendment to the United States Constitution, any forfeiture would be grossly disproportionate to any alleged illicit activity claimed by the government in this matter.

6. Without waiving the foregoing, Claimant asserts that the amount of allegedly criminal or fraudulent activity alleged in the affidavit is less than the value of the property seized. Therefore, the Court should release to the Claimant the excess of the property seized over the amount asserted by the government.

7. Without waiving the foregoing, and noting the implicit concession of the government that the property seized exceeds the amount of allegedly criminal or fraudulent activity, the Court should order the government to release to Claimant an amount of funds sufficient to appropriately compensate Claimant and other professionals, such as lawyers and accountants, for their services in this matter as well as funds for the support of the beneficiaries of the Estate.

8. This claim has been made in good faith and in the time prescribed by law.

WHEREFORE, Claimant herein demands the immediate return of the property seized, and without waiving that request, a portion of the property seized as described herein.

*[signature]*
RICHARD A. TORTI, SR.
16020 Burlingame Road
Little Rock, AR 72223
*Nominated executor of the Estate of Layton Stuart*

VERIFICATION

The foregoing is true to the best of my knowledge, information and belief.

*[signature]*
RICHARD A. TORTI, SR.

STATE OF ARKANSAS
COUNTY OF PULASKI

SUBSCRIBED AND SWORN TO before me this 25th day of July, 2013.

*[Notary seal: MARIE K. RAY, MY COMMISSION # 12358024, EXPIRES: December 20, 2016, Lonoke County]*

*[signature]* Marie K. Ray
NOTARY PUBLIC

Dec. 20, 2016
My commission expires:

/s/ Christopher O. Parker    *[signature]* Christopher Parker (by AL)
CHRISTOPHER O. PARKER
Ark. Bar. No. 75099
Eichenbaum Liles P.A.
124 West Capitol Avenue, Suite 1900
Little Rock, Arkansas 72201-3717
(501) 376-4531
cparker@elhlaw.com

5

/s/ Jeff Rosenzweig

_____
JEFF ROSENZWEIG
Ark. Bar No. 77115
300 Spring St. Suite 310
Little Rock, AR 72201
(501) 372-5247
jrosenzweig@att.net

*Attorneys for Richard A. Torti Sr.*
*in his capacity as Nominated*
*Executor of the Estate of Layton Stuart*

CERTIFICATE OF SERVICE

I, Jeff Rosenzweig, hereby certify that I have served a copy of the foregoing on all parties this 25 day of July, 2013 by CM-ECF.

/s/ Jeff Rosenzweig

_____
JEFF ROSENZWEIG